a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **ABDUVAKHKHOB KOMOLKHUJAEV #A249-272-028,** Petitioner | CIVIL DOCKET NO. 1:25-CV-00717 SEC P |
| **VERSUS** | JUDGE DRELL |
| **LASALLE ICE PROCESSING CENTER,** Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Abduvakhkhob Komolkhujaev ("Komolkhujaev"). Komolkhujaev is an immigration detainee at the Central Louisiana ICE Processing Center in Jena, Louisiana. He challenges an order of removal.

Because the Court lacks jurisdiction, the Petition should be DISMISSED WITHOUT PREJUDICE.

I. Background

Komolkhujaev is a native and citizen of Uzbekistan. ECF No. 1-2 at 1. On October 11, 2024, the immigration judge denied his application for asylum and withholding of removal under the Immigration and Nationality Act, and his application for protection under the Convention Against Torture. ECF No. 1 at 2; No. 1-2 at 3. Komolkhujaev sought review with the Board of Immigration Appeals

("BIA"), which affirmed in part, reversed in part, and remanded the case to the immigration judge.  ECF No. 1-2 at 4.

According to the automated case information of the Executive Office for Immigration Review, the immigration judge ordered that Komolkhujaev be removed on May 13, 2025.[1]  The BIA received an appeal on May 8, 2025, which remains pending with a briefing deadline of July 22, 2025.

Komolkhujaev alleges that he will be imprisoned, tortured, or killed if deported to Uzbekistan.  ECF No. 1-2 at 1.

## II.   Law and Analysis

In May 2005, Congress passed the REAL ID Act, which "divested federal [district] courts of jurisdiction over § 2241 [habeas] petitions attacking removal orders."  *Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005); *Perry v. Barr*, 4:19-CV-1302, 2019 WL 6255330, at *3 (S.D. Tex. 2019).  Pursuant to the Act, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of [Chapter 12]."  8 U.S.C. § 1252(a)(5); *Shah v. Dir., Jackson Par. Correctional Ctr.*, 3:19-CV-1164, 2019 WL 4254139, at *2 (W.D. La. 2019).  And the appellate court can only review "final order[s] of removal."  8 U.S.C. § 1252(a)(1).  *Ruiz-Perez v. Garland*, 49 F.4th 972, 975 (5th Cir. 2022).

---

[1] https://acis.eoir.justice.gov/en/caseInformation

The REAL ID Act divests this Court of jurisdiction over Komolkhujaev's Petition challenging a removal order. Therefore, dismissal of Komolkhujaev's Petition without prejudice is the appropriate remedy. *See Philius v. McAleenan*, 19-CV-701, 2019 WL 4134287, at *1 (W.D. La. 2019); *Segura-Mundo v. Hudson*, 09-CV-1717, 2009 WL 10711802, at *4 (S.D. Tex. 2009).

If the BIA denies his appeal, Komolkhujaev may file a petition for review in the United States Court of Appeals for the Fifth Circuit in New Orleans, Louisiana. *See* 8 U.S.C. § 1252(b)(1), (2) (petition for review must be filed "not later than 30 days after the date of the final order of removal" in "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings").

### III. Conclusion

Because the Court lacks jurisdiction, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and

Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, December 16, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE